IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH V., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| MARTIN O'MALLEY, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 22-2168 |

### MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                  June 24, 2024

Ruth V. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act. Plaintiff has filed a brief in support of her motion for summary judgment,[1] the Commissioner has responded to it and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's motion is denied.

### I.    PROCEDURAL HISTORY[2]

On September 19, 2019, Plaintiff applied for SSI, alleging disability, because of physical and mental health impairments, that commenced on July 18, 2019. R. 42. The claim was denied, initially and upon reconsideration; therefore, Plaintiff requested a hearing. *Id.* On August 11, 2021, due to COVID-19 precautions, Plaintiff appeared before Christine McCafferty, Administrative Law Judge ("the ALJ"), for a telephonic hearing. *Id.* Plaintiff, represented by an

---

[1] The Standing Procedural Order (Document No. 6) in this case instructed Plaintiff to file a request for review, not a motion of summary judgment. The has been the standard practice in this district for over a decade.

[2] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Motion and Memorandum in Support of Motion for Summary Judgment ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), and the administrative record. ("R.").

attorney, and Bruce Martin, a vocational expert, ("the VE") testified at the hearing. *Id.* On August 19, 2021, the ALJ, using the sequential evaluation process for disability,[3] issued an unfavorable decision. R. 42-57. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on May 3, 2022, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.   FACTUAL BACKGROUND

A.   Personal History

Plaintiff, born on October 22, 1969, R. 56, was 51 years old at the time of the ALJ's decision. She lives with her seventy-eight year old mother, R. 66, and last worked in 2019, as a home health aide. R. 67.

B.   Plaintiff's Testimony

At the August 21, 2021 administrative hearing, Plaintiff testified about her physical and mental health limitations. R. 66-78. Plaintiff underwent bariatric surgery to lose weight. R. 69-

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 416.920(g).

70. It was partially successful in that she lost a great deal of weight; however, since the surgery, Plaintiff has suffered from chronic diarrhea, gall stones and low vitamin B12 levels. R. 70. Her diarrhea is so bad that she must wear adult diapers. R. 71. Plaintiff also suffers from anxiety, depression, panic attacks, memory loss, insomnia and arthritic knee pain. R. 72, 77. Her anxiety causes chest tightness. R. 78. The many medications Plaintiff takes to treat her mental health, cause sleepiness. R. 76-77.

Plaintiff rarely leaves her home, because of her unpredictable diarrhea, except to attend medical appointments. R. 73, 75. She is not very sociable; her sisters visit her occasionally. R. 78. Plaintiff no longer attends church in person, she watches services on Zoom. R. 75.

Finally, because Plaintiff's overall condition has worsened, she now has a home health aide to help her go to the bathroom, bathe, and perform household chores. R. 78.

C.   Vocational Testimony

The VE characterized Plaintiff's past home health aide position as medium[4], semi-skilled[5] work; her past assembler of light fixtures job was light[6], semi-skilled work, which she performed at the medium level. R. 79. The ALJ asked the VE to consider a person of Plaintiff's age, education and work experience, capable of performing light work, with the following additional limitations: unable to climb ladders, ropes or scaffolds; unable to crawl; able to perform all other postural activities occasionally; able to tolerate occasional exposure to extreme cold, heat, wetness and humidity; limited to simple, repetitive tasks and occasional changes in the work setting; able

---

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).
[5] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R. § 416.868(b). It is less complex than skilled work but more complex than unskilled work. Id. "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." Id.
[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

3

have occasional contact with the public and coworkers. R. 79. The VE opined that this person could not perform Plaintiff's past work. R. 79. However, the individual could perform the following, unskilled[7] jobs: (1) photocopy machine operator (175,000 positions in the national economy); (2) ticketer (260,000 positions in the national economy); and (3) hand packager (43,000 positions in the national economy). R. 80. Next, Plaintiff's attorney asked the VE to consider the same person, who required eight bathroom breaks each day. R. 80-81. The VE opined that no work existed for such a person. R. 81.

### III.   THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] has not engaged in substantial gainful activity since September 19, 2019, the application date (20 CFR 416.971 *et seq.*).

2. [Plaintiff] has the following severe impairments: osteoarthritis; status post gastric bypass surgery; obesity; anxiety and depression (20 CFR 416.920(c)).

3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).

4. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) with the following additional limitations: no climbing of ladders, ropes or scaffolds; no crawling; other postural activities would be occasional; occasional exposure to extreme cold, heat, wetness and humidity; limited to simple, repetitive tasks with only occasional changes in the work setting and occasional contact with the public and coworkers.

---

[7] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 416.968(b).

4

5.  [Plaintiff] is unable to perform any past relevant work (20 CFR 416.965).

6.  [Plaintiff] was born on October 22, 1969 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. [Plaintiff] subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7.  [Plaintiff] has at least a high school education (20 CFR 416.964).

8.  Transferability of job skills is not material to the determination of disability because using Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [she] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9.  Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969(a)).

10. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since September 19, 2019, the date the application was filed (20 CFR 416.920(g)).

R. 44-45, 49, 55-57.

## IV.   DISCUSSION

A.   Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation

omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.     Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past

6

employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff could not perform her past relevant work, she could perform other light, unskilled jobs that exist in the national economy and, hence, was not disabled. R. 42-57. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by: (1) failing to support properly her assessment of Plaintiff's physical residual functional capacity ("RFC"); and (2) committing error when evaluating her subjective symptoms. Pl. Br. at 1-10. The Commissioner denies Plaintiff's assertions. Resp. at 1-12. This court finds that Plaintiff's arguments lack merit.

1.      The ALJ's Physical RFC Assessment is Supported Properly

Plaintiff argues that the ALJ failed to support properly her assessment of Plaintiff's physical RFC. Pl. Br. at 5-6. The Commissioner counters that substantial evidence supports the ALJ's physical RFC assessment. Resp. at 5-7. This court finds that Plaintiff's argument lacks merit.

Plaintiff specifically argues that the ALJ erred, because she failed to comply with Social Security Ruling ("SSR") 96-8p when she assessed Plaintiff's physical RFC. This claim is belied by the record. It is true that the ALJ initially stated her RFC assessment, without providing any explanation.[8] R. 49. However, over the next six pages of the decision, the ALJ summarized the

---

[8] The undersigned has read scores of ALJ Decisions over the years and is aware that ALJ decisions follow a set format. In that format, the RFC assessment is always stated before the explanation for the assessment.

7

medical evidence, Plaintiff's assertions, and the opinion evidence in the record. R. 49-55. In doing so, she explained why Plaintiff could perform the strength requirements for light work and justified the additional postural, environmental and mental health restrictions she put on Plaintiff's RFC. *Id.* By doing so, the ALJ complied with SSR 96-8p, which required her to consider this evidence when evaluating Plaintiff's RFC. *See* SSR 96-8p, 1996 WL 374184, *5 (stating that RFC must be based upon, *inter alia*, the medical evidence, effects of treatment, reports of daily activities, and effects of symptoms).

2. <u>The ALJ Properly Evaluated Plaintiff's Subjective Symptoms</u>

Plaintiff maintains that the ALJ committed error when evaluating her subjective symptoms. Pl. Br. at 7-10. The Commissioner counters that substantial evidence supports the ALJ's evaluation of Plaintiff's subjective symptoms. Resp. at 7-12. This court finds that Plaintiff's argument lacks merit.

Plaintiff specifically argues that the ALJ failed to comply with SSR 16-3p. That ruling defines a symptom as the claimant's own description of her physical and mental impairments. SSR 16-3p, 2017 WL 5182304, *2. In order to properly determine the question of disability, the ALJ must consider the extent to which the claimant's symptoms are consistent with the objective medical evidence and all other evidence. *Id.* When doing so, the ALJ first determines if there are medically determinable physical or mental impairment(s) that could cause the claimant's symptoms. *Id.*, at *3. If there are such medically determinable impairments, then the ALJ must evaluate the intensity and persistence of the symptoms to determine the extent to which the symptoms limit the claimant's ability to work. *Id.*

The ALJ explicitly cited SSR 16-3p and noted that she had to determine the extent to which Plaintiff's symptoms were consistent with the objective medical and other evidence. R. 49. This

is precisely what she was required to do. 2017 WL 5182304, *2. In the course of her decision, the ALJ identified Plaintiff's severe, medically determined impairments as osteoarthritis, status post gastric bypass surgery, obesity, anxiety and depression. R. 49. The ALJ reviewed Plaintiff's testimony and the function reports she had submitted. R. 49-50. Next, the ALJ stated her conclusion that Plaintiff's symptoms, although caused by her medically determinable impairments, were not consistent with the objective medical evidence and other evidence in the record. R. 50. Thereafter, the ALJ addressed, at length, Plaintiff's medical records and the medical opinion evidence. R. 51-55. She then restated her conclusion that the evidence in the record was not consistent with Plaintiff's symptoms and, instead, was consistent with her assessment of Plaintiff's RFC. *Id.* at 55.

In this case, the ALJ performed the analysis required by SSR 16-3p. Hence, there is no basis to find that she erred.[9]

An implementing order and order of judgment follow.

---

[9] Plaintiff complains that the ALJ applied an incorrect standard, because she stated that the record was not "entirely" with Plaintiff's symptoms. Pl. Br. at 7. However, this court does not take the ALJ's use of the word "entirely" to mean that the ALJ actually intended to convey that she found Plaintiff's symptoms were not 100% consistent with the record and, hence, would not be accepted at all. Instead, the ALJ considered the evidence in the record and found that Plaintiff's symptoms were consistent enough with the record to limit her to a reduced range of light work. Therefore, the court finds that the ALJ's poor word choice does not reveal error in applying SSR 16-3p.